UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALACRITY SOLUTIONS GROUP, LLC** | * | **CIVIL ACTION NO: 3:23-cv-74** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **LOUISIANA CITIZENS PROPERTY INSURANCE COMPANY** | * | **MAG. JUDGE:** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PETITION TO COMPEL ARBITRATION
AND FOR INJUNCTION STAYING
STATE COURT PROCEEDINGS AGAINST PETITIONER**

NOW INTO COURT, through undersigned counsel, comes petitioner, Alacrity Solutions Group, LLC ("Alacrity" or "Petitioner"), and avers as follows:

**PARTIES**

1.

Alacrity is a limited liability company that is organized under the laws of Delaware and has its principal place of business in Indiana. Alacrity's sole member is Alacrity Parent, LLC, which is a limited liability company that also is organized under the laws of Delaware and has its principal place of business in Indiana. Alacrity Parent, LLC's sole member is KWOR Acquisition, Inc., which is a corporation that is organized under Delaware law and has its principal place of business in Indiana.

2.

Louisiana Citizens Property Insurance Corporation ("LA Citizens"), defendant herein, is a non-profit corporation created by the Louisiana Legislature that is domiciled in East Baton Rouge

Parish, State of Louisiana, *see* La. Rev. Stat. § 22:2293(A), and has its principal place of business in Metairie, Louisiana.

## JURISDICTION AND VENUE

3.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the instant dispute is between citizens of different States.

4.

This court also has jurisdiction over this matter pursuant to 9 U.S.C. § 4, a provision of the Federal Arbitration Act ("FAA") that generally grants federal district courts authority to issue orders directing parties to written agreements for arbitration to proceed with arbitration in accordance with the terms of their agreements.

5.

Venue is proper in this court under 28 U.S.C. §§ 1391(b)(1), (c)(2) and (d), because LA Citizens resides within the Middle District of Louisiana and/or because LA Citizens is subject to the personal jurisdiction of this court.

## FACTUAL BACKGROUND

6.

On April 20, 2020, Alacrity and LA Citizens entered into a "Catastrophe Claims Administration Services" agreement ("the Agreement") pursuant to which LA Citizens engaged Alacrity to provide certain insurance claims adjusting services, as specified therein. The Agreement is attached hereto as "Exhibit A".

7.

Relevant here, the Agreement contains a "Dispute Resolution" section, which contains a provision titled "Binding Arbitration & Jury Trial Waiver" that states:

**20.2 Binding Arbitration & Jury Trial Waiver**

Any claim, dispute, or controversy with respect to this Agreement that cannot be resolved by the Parties . . . shall be submitted by the parties first to mediation in Baton Rouge, Louisiana administered by the Association of Professional Arbitrators and Mediators, L.L.C. ("APAM"). If mediation fails to resolve the claim, dispute or controversy, it shall be resolved by binding arbitration in Baton Rouge, Louisiana administered by APAM pursuant to the APAM Commercial rules. The arbitrators shall also determine the arbitrarily [*sic*] of the claims, disputes, and controversies. The parties will abide by and perform any decision rendered. A Judgment may be entered on the decision in any court having jurisdiction. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY AND IRREVOCABLY WAIVE THEIR RIGHT TO A TRIAL BY JURY and agree that if the foregoing binding arbitration provision is determined for any reason to be unenforceable or inapplicable to a particular dispute, then such dispute shall be decided solely by a judge, without the use of a jury, sitting in a court of competent jurisdiction. This binding arbitration and jury trial waiver provision shall survive the termination of this Agreement. Nothing in this Agreement will prevent either party from applying for injunctive relief in any court of competent jurisdiction.

8.

On August 27, 2020, Hurricane Laura made landfall in Cameron Parish and subsequently traveled north through Calcasieu Parish.

9.

On February 3, 2021, Hahn Roofing, Inc. ("Hahn") filed a "Petition on Open Account" in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, against Mercy Manor, LLC ("Mercy Manor"), No. 2021-483 ("Case No. 2021-483"), alleging, *inter alia*, that Mercy Manor hired Hahn to make temporary repairs to the roof of a commercial rental property located on Rosetta Street in Lake Charles, Louisiana ("Rosetta property") that Mercy Manor owned and that sustained damage as a result of Hurricane Laura; that Hahn completed the

temporary repairs requested by Mercy Manor; and that Mercy Manor failed to pay Hahn the $1,400 owed for its services.

10.

In turn, along with its Answer to Hahn's Petition, on March 30, 2021 Mercy Manor filed a Third-Party Demand against LA Citizens in Case No. 2021-483. In it, Mercy Manor alleges that it had in place a policy of insurance issued by LA Citizens covering the Rosetta property at the time of Hurricane Laura; that LA Citizens substantially under-adjusted the hurricane-related damage to the Rosetta property; that LA Citizens is liable for the amounts owed to Hahn; and that LA Citizens is liable to Mercy Manor for all amounts still due under the policy covering the Rosetta property, as well as damages, penalties, attorneys' fees and costs under Louisiana Revised Statutes 22:1973 and 22:1892.

11.

On June 28, 2021, LA Citizens answered Mercy Manor's Third-Party Demand.

12.

Notwithstanding and in violation of the "Binding Arbitration & Jury Trial Waiver" provision of the Agreement between LA Citizens and Alacrity, over a year after it answered Mercy Manor's Third-Party Demand, on October 11, 2022, LA Citizens filed a motion requesting leave to file a Third-Party Demand in Case No. 2021-483 against Alacrity. It also sought leave to assert third-party claims against Alacrity's professional liability insurer, Great American E&S Insurance Company, Team One Adjusting Services, LLC, Jim Mitchell Insurance Agency, Inc., and National Union Fire Insurance Company of Pittsburg, PA.[1] Three months later, on January 11, 2023, the

---

[1] Only LA Citizens' claims against Alacrity are relevant to the instant Petition and relief requested herein.

Honorable Robert L. Wyatt of the 14th Judicial District Court for the Parish of Calcasieu signed an order granting LA Citizens' motion for leave.

13.

Alacrity was not served with LA Citizens Third-Party Demand until January 16, 2023.

14.

In its Third-Party Demand, LA Citizens alleges, *inter alia*, that "Mercy Manor's claim under the policy issued to it by Louisiana Citizens was adjusted by Team One under an *Independent Agreement For Catastrophe Adjusting Services* between Citizens and Team One, and administered by Alacrity under a *Catastrophe Claims Administration Services* agreement between Citizens and Alacrity." *See* LA Citizens Third-Party Demand, attached hereto as "Exhibit B", at p. 2 of 6. LA Citizens further asserts that if it "is liable to Mercy Manor for penalties and attorney's fees under La. R.S. 22:1892 and bad faith damages and bad faith penalties pursuant to La. R.S. 22:1973", "the actions or inactions which caused those extra-contractual damages were those of Alacrity and Team One, not Citizens, and Citizens is [contractually] entitled to indemnity from Alacrity and Team One for those damages." *See id.* at pp. 2 and 3 of 6.

15.

Although Alacrity's responsive pleading in Case No. 2021-483 is not yet due, all claims in that matter are currently set for trial on April 5, 2023 – less than three months after Alacrity was served with LA Citizens' Third-Party Demand. The trial setting was obtained on the joint request of Mercy Manor and Louisiana Citizens. It is a clear violation of the Agreement between Louisiana Citizens and Alacrity, which requires arbitration as the sole mechanism for resolving disputes between the parties to that Agreement. The trial setting is also a clear violation of La. C.C.P. Art. 1571, which prohibits a Louisiana Court from setting a trial date before all of the parties

to the action have filed an answer. As such, the trial setting presents no bar to this Court's ability to decide the claims asserted in this action.

## REQUEST FOR ORDER COMPELLING ARBITRATION AND STAYING LA CITIZENS' STATE-COURT CLAIMS AGAINST ALACRITY

16.

In 9 U.S.C. § 2, the FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce", such as the Agreement between LA Citizens and Alacrity, "to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any party thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . ." *See* 9 U.S.C. § 2. As the United States Supreme Court has recognized, this provision constitutes "a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

17.

Under 9 U.S.C § 4, the FAA allows "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the matter provided for in such agreement." *See* 9 U.S.C. § 4. "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court *shall* make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *See id.* (emphasis added).

18.

The "Binding Arbitration & Jury Trial Waiver" provision of the Agreement between LA Citizens and Alacrity constitutes a valid and binding agreement to arbitrate any disputes arising under the Agreement.

19.

The claims asserted by LA Citizens against Alacrity in its Third-Party Demand in Case No. 2021-483 constitute a dispute arising under the Agreement.

20.

By filing a Third-Party Demand against Alacrity in Case No. 2021-483, LA Citizens has breached the "Binding Arbitration & Jury Trial Waiver" provision of the Agreement, and Alacrity has been aggrieved by such breach.

21.

Pursuant to the Agreement and 9 U.S.C. §§ 2 and 4, Alacrity is entitled to and requests an order from this court compelling LA Citizens to submit all claims asserted against Alacrity in Case No. 2021-483 to arbitration within the Middle District of Louisiana.

22.

Alacrity notes that the Association of Professional Arbitrators and Mediators, L.L.C., the entity that LA Citizens and Alacrity agreed would administer any arbitration brought under the Agreement, is no longer an active business. To the extent that LA Citizens and Alacrity are unable to agree upon an arbitrator to administer any arbitration proceeding brought by LA Citizens in accordance with an order of this court, Alacrity further requests, pursuant to 9 U.S.C. § 5, that this court name and appoint an arbitrator to administer such proceeding.

23.

Alacrity further requests that in connection with issuing an order compelling LA Citizens to submit all claims asserted against Alacrity in Case No. 2021-483 to arbitration, this court, in accordance with the authority granted to it by 28 U.S.C. § 2282 to grant injunctions staying State court proceedings in order "to protect or effectuate its judgments", issue an injunction to the 14th Judicial District Court for the Parish of Calcasieu staying all claims asserted by LA Citizens against Alacrity in Case No. 2021-483.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner, Alacrity Solutions Group, LLC, prays that its Petition to Compel Arbitration and For Injunction Staying State Court Proceedings Against Petitioner be deemed good and sufficient; that summons be issued to Louisiana Citizens Property Insurance Corporation, along with a copy of this Petition; and that, after due proceedings are had, this court grant the relief requested by Alacrity Solutions Group, LLC and issue an order:

1) Compelling Louisiana Citizens Property Insurance Corporation to submit all claims asserted by it against Alacrity Solutions Group, LLC in the matter styled *Hahn Roofing, Inc. v. Mercy Manor, LLC*, No. 2021-483, 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to arbitration to take place in the Middle District of Louisiana;

2) Enjoining the 14th Judicial District Court to stay all claims asserted by Louisiana Citizens Property Insurance Corporation against Alacrity Solutions Group, LLC in the matter styled *Hahn Roofing, Inc. v. Mercy Manor, LLC*, No. 2021-483, 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana;

3) Appointing an arbitrator practicing within the Middle District of Louisiana to conduct any arbitration proceeding instituted by Louisiana Citizens Property Insurance Corporation against Alacrity Solutions Group, LLC to the extent that the parties are not able to agree on such an arbitrator; and

4) Casting Louisiana Citizens Property Insurance Corporation in judgment for all costs and attorneys' fees associated with these proceedings.

Respectfully submitted,

*/s/ Christopher R. Teske*
CHRISTOPHER R. TESKE. (No. 27106)
LAURA S. GRAVENER (No. 30148)
**PIPES MILES BECKMAN, LLC**
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
Email: cteske@pipesmiles.com
         lgravener@pipesmiles.com

COUNSEL FOR ALACRITY SOLUTIONS GROUP, LLC

-AND-

*/s/ Amanda Collura-Day*
AMANDA COLLURA-DAY (No. 33777)
MICHAEL J. DEBARROS (No. 32422)
**KEAN MILLER LLP**
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Email: amanda.collura-day@keanmiller.com
         michael.debarros@keanmiller.com

COUNSEL FOR ALACRITY SOLUTIONS GROUP, LLC