UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALACRITY SOLUTIONS GROUP, LLC

VERSUS

LOUISIANA CITIZENS
PROPERTY INSURANCE COMPANY

CIVIL ACTION

23-74-SDD-EWD

**RULING**

Before the Court is the *Motion to Compel Arbitration and for Injunctive Relief*[1] filed by Plaintiff Alacrity Solutions Group, LLC ("Alacrity"). An *Opposition*[2] was filed by Defendant Louisiana Citizens Property Insurance Co. ("LA Citizens"), to which Alacrity filed a *Reply*.[3] For the following reasons, the *Motion* shall be granted.

**I.    BACKGROUND**

In April 2020, Alacrity and LA Citizens signed an agreement ("the Agreement") by which Alacrity would administer claims for LA Citizens in the event of a catastrophe.[4] Alacrity agreed to provide all services in strict compliance with Louisiana law.[5] The Agreement contained an indemnity clause under which Alacrity would "protect, indemnify and hold harmless" LA Citizens and "defend" them "from and against any and all claims, liens, penalties and causes of action resulting from Alacrity's negligence . . . or breach of this Agreement . . . including but not limited to all suits related to Alacrity's processing or payment of claims . . . as a result of Alacrity's failure to comply with the terms of this

---

[1] Rec. Doc. 9.
[2] Rec. Doc. 105.
[3] Rec. Doc. 30.
[4] Rec. Doc. 9-4, pp. 10, 15.
[5] *Id.* at p. 15.

Agreement, the terms of any insurance policies underwritten by [LA Citizens], and/or the laws of the State of Louisiana."[6]

The Agreement also contained an arbitration clause:

**20.2 Binding Arbitration & Jury Trial Waiver**

**Any claim, dispute, or controversy** with respect to this Agreement that cannot be resolved by the Parties . . . shall be submitted by the parties first to mediation in Baton Rouge, Louisiana administered by the Association of Professional Arbitrators and Mediators, L.L.C. ("APAM"). If mediation fails to resolve the claim, dispute or controversy, it shall be resolved by binding arbitration in Baton Rouge, Louisiana administered by APAM pursuant to the APAM Commercial rules. The arbitrators shall also determine the arbitrarily [sic] of the claims, disputes, and controversies. The parties will abide by and perform any decision rendered. A Judgment may be entered on the decision in any court having jurisdiction. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY AND IRREVOCABLY WAIVE THEIR RIGHT TO A TRIAL BY JURY and agree that if the foregoing binding arbitration provision is determined for any reason to be unenforceable or inapplicable to a particular dispute, then such dispute shall be decided solely by a judge, without the use of a jury, sitting in a court of competent jurisdiction. This binding arbitration and jury trial waiver provision shall survive the termination of this Agreement. Nothing in this Agreement will prevent either party from applying for injunctive relief in any court of competent jurisdiction.[7]

Hurricane Laura thundered through Lake Charles, Louisiana on August 27, 2020, causing considerable damage. Mercy Manor, one of LA Citizens' insureds, made loss claims on several of its properties.[8] On February 3, 2021, Hahn Roofing Company filed suit against Mercy Manor in State Court.[9] In that suit, on March 30, 2021, Mercy Manor filed a third-party demand against LA Citizens alleging entitlement to penalties and attorney's fees under La. R.S. 22:1892 and bad faith damages and penalties pursuant to

---

[6] Rec. Doc. 9-4, p. 4 (capitalization removed).
[7] *Id.* at p. 12 (emphasis added).
[8] Rec. Doc. 17-1, p. 3.
[9] *Hahn Roofing, Inc. v. Mercy Manor, LLC*, No. 2021-483 in the 14th Judicial District Court the Parish of Calcasieu, State of Louisiana.

La. R.S. 22:1973 due to delays and underpayments by LA Citizens.

On June 28, 2021, LA Citizens answered Mercy Manor's third-party demand; however, more than a year later, on October 11, 2022, LA Citizens sought leave to file a third-party demand against Alacrity (Case No. 21-483).[10] Leave was granted on January 11, 2023.[11] Thereafter, Alacrity filed a *Complaint* in this Court against LA Citizens under the Federal Arbitration Act ("FAA") and subsequently filed the instant *Motion to Compel* arbitration.

LA Citizens opposes Alacrity's motion, arguing generally that: (1) Alacrity does not have the right to demand that Mercy Manor arbitrate; (2) the FAA's reach is not as broad as Alacrity argues; (3) the "intent" of the arbitration clause does not apply to third party demands, and it is "unenforceable in this context"; (4) the arbitration clause in the Agreement is reverse-preempted by the *McCarran–Ferguson Act*; (5) Louisiana law dictates that arbitration provisions in insurance contracts are void; and alternatively, (6) the Court should abstain from this case under the *Colorado River* abstention doctrine.[12] Alacrity filed a *Reply* to LA Citizens' *Opposition* wherein Alacrity offers arguments and legal authority to challenge that offered by LA Citizens.

## II. LAW & ANALYSIS

### A. The Anti-Injunction Act

The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its

---

[10] Rec. Doc. 9-5, p. 3.
[11] *Id.* at p. 4.
[12] *Id.* at pp. 9-15.

judgments."[13] The exceptions listed in the Act "are narrowly construed," and "[a]ny doubts as to the propriety of an injunction must be resolved in favor of the allowing the state court action to go forward."[14] However, in *American Family Life Assurance Company of Columbus v. Biles,* the Fifth Circuit held that "a district court has the discretion to issue an order staying a related state court proceeding it has determined must be submitted to arbitration if the district court concludes that it is necessary to protect or effectuate its order compelling arbitration."[15]

### B. The FAA

The Fifth Circuit has recognized that "[a]rbitration is favored in the law."[16] Moreover, there is a "liberal Federal Policy favoring arbitration agreements."[17] When presented with a motion to compel arbitration under the FAA, a court must initially determine whether the FAA is applicable.[18] Section 2 of the FAA provides that a written agreement to arbitrate related to a transaction involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[19]

In determining the applicability of the FAA, courts generally engage in a two-step inquiry.[20] "First, the court must determine whether the parties agreed to arbitrate the dispute."[21] "This involves two considerations: (1) whether there is a valid agreement to

---

[13] 28 U.S.C. § 2283.
[14] *Next Level Communications LP v. DSC Communications Corp.*, 179 F.3d 244, 249 (5th Cir. 1999); *J.R. Clearwater Inc. v. Ashland Chemical Co.*, 93 F.3d 176, 179 (5th Cir. 1996).
[15] 714 F.3d 887, 893 (5th Cir. 2013).
[16] *Gregson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000)(citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).
[17] *Green Tree Fin. Corp.—Ala. v. Randolph*, 531 U.S. 79, 91 (2000)(citing *Moses*, 460 U.S. at 24).
[18] *Thomas v. Louis Dreyfus Commodities*, LLC, 2016 WL 3197562, *2 (M.D.La. June 8, 2016).
[19] 9 U.S.C. § 2.
[20] *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996).
[21] *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004)(internal citations omitted).

arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."[22]  "Courts apply the federal policy favoring arbitration when addressing ambiguities regarding whether a question falls within an arbitration agreement's scope but not when determining whether a valid arbitration agreement exists."[23]  In resolving the question of whether an arbitration agreement is "contractually valid, courts apply 'ordinary state-law principles that govern the formation of contracts.'"[24]  If the court finds that the parties agreed to arbitrate, then the court must consider "whether any federal statute or policy renders the claims non-arbitrable."[25]

Further, the Court must determine that it has an independent basis for jurisdiction. The FAA provides that: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of the suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."[26]  However, as the Supreme Court stated in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, "[t]he Arbitration Act is somewhat of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28

---

[22] *Webb*, 89 F.3d at 258 (citations omitted).
[23] *LeBlanc v. Texas Brine Co., LLC*, 2016 WL 2849506, *3 (E.D.La. May 10, 2016)(citing *Sherer v. Green Tree Serv., LLC*, 548 F.3d 379, 381 (5th Cir. 2008)).
[24] *Lizalde v. Vista Quality Markets*, 746 F.3d 222, 225 (5th Cir. 2014)(quoting *Morrison v. Amway Corp.*, 517 F.3d 248, 254 (5th Cir. 2008)).
[25] *Banc One Acceptance Corp.*, 367 F.3d at 429 (internal citations omitted).
[26] 9 U.S.C. § 4.

U.S.C. § 1331 ... or otherwise."[27]  The *Moses H. Cone* Court continued: "Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue."[28]

In the present case, Alacrity has pled that LA Citizens is a resident of the State of Louisiana, and Alacrity is incorporated in the State of Delaware with its principal place of business in Indiana.[29]  Alacrity has also pled that the amount in controversy exceeds $75,000.[30]  LA Citizens does not dispute these allegations.  Thus, the Court finds that it has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## C. Abstention

LA Citizens urges the Court to abstain from exercising jurisdiction over this matter under the *Colorado River* abstention doctrine. "Under the *Colorado River* doctrine, a court may abstain from a case that is part of parallel, duplicative litigation under 'exceptional circumstances.'"[31] "As a threshold matter, then, a stay of federal proceedings under *Colorado River* may only be considered when the federal and state cases are parallel, which has been interpreted to mean having the same parties and same issues."[32]  After determining that the state and federal cases are parallel, the Court must determine whether "exceptional circumstances" warrant abstention by applying the following six factors:

---

[27] 460 U.S. 1, 25 n. 32 (1983).
[28] *Id.*
[29] Rec. Doc. 1, pp. 1-2.
[30] *Id.* at p. 2.
[31] *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 462 (5th Cir. 2012).
[32] *U.S. Fire Ins. Co. v. Housing Authority of New Orleans*, 917 F.Supp.2d 581, 589 (E.D. La. 2013)(citing *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)).

> (1) assumption by either court of jurisdiction over a res,
> (2) relative inconvenience of the forums,
> (3) avoidance of piecemeal litigation,
> (4) the order in which jurisdiction was obtained by the concurrent forums,
> (5) to what extent federal law provides the rules of decision on the merits, and
> (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[33]

The Fifth Circuit instructs that these factors should be weighed "with the balance heavily weighted in favor of the exercise of jurisdiction."[34]

To determine whether this action is parallel to the state court action, "a court may look both to the named parties and to the substance of the claims asserted to determine whether the state proceeding would be dispositive of a concurrent federal proceeding."[35] The Fifth Circuit instructs that "the identity of the parties and issues need not be precise."[36] "The critical determination is whether the non-federal litigation will dispose of all claims raised in the federal court action."[37]

Although the state court action involves additional parties to those herein, the Court finds that the state court action is a parallel proceeding. Alacrity has raised the same claim to enforce the arbitration clause in the Agreement in the state court action as argued here. Further, the non-federal litigation would dispose of all claims in the federal action as the only issue in this action is also presently before the state court.

The Court now turns to consideration of the factors to weigh in determining whether exceptional circumstances exist to abstain.

---

[33] *Id.* (citing *Stewart*, 438 F. 3d at 491).
[34] *Stewart*, 438 F. 3d at 491.
[35] *Air Evac EMS, Inc. v. Texas, Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017).
[36] *Aptim Corp. v. McCall*, No. 17-8081, 2017 WL 4156630, at *3 (E.D. La. Sep. 19, 2017).
[37] *Bar Grp., LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 543 (S.D. Tex. 2017).

1. *Res* at Issue

There is no *res* at issue in this matter, which LA Citizens concedes; thus, this factor weighs against abstention.[38]

2. Inconvenience of the Forums

This factor addresses the "physical proximity of [each] forum to the evidence and witnesses."[39]  The 14th Judicial District Court in Calcasieu Parish is approximately 127 miles away from the Middle District of Louisiana.  LA Citizens argues it will be inconvenienced if it must defend Mercy Manor's claims in Lake Charles and also in arbitration if liability is found; however, LA Citizens concedes this factor is neutral.[40]

3. Avoidance of Piecemeal Litigation

LA Citizens contends this factor weighs heavily in favor of abstention because of the potential for inconsistent results.[41]  Alacrity objects and directs the Court to Fifth Circuit jurisprudence to the contrary.[42]  Based on applicable law, Alacrity is correct.  This factor weighs against abstention.  As the Eastern District of Louisiana observed in *Aptim Corp. v. McCall*:

> The Fifth Circuit has made clear, however, that the concern for inconsistent judgments is limited to cases involving pieces of property.[43] "When, as here, no court has assumed jurisdiction over a disputed res, there is no such danger."[44] "Allowing a federal court to order arbitration, even where a state court may construe an arbitration clause differently, is fully consistent with this established congressional intent."[45] "Furthermore, the potential problem of inconsistent judgments may be obviated through a plea of res judicata if one court renders judgment before the other."[46]

---

[38] *See id.*
[39] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 800 (5th Cir. 2014).
[40] Rec. Doc. 17, p. 14.
[41] *Id.*
[42] Rec. Doc. 30, p. 9.
[43] *Aptim*, 2017 WL 4156630, at *4.
[44] *Id.* (quoting *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650–51 (5th Cir. 2000)).
[45] *Id.* (quoting *Nationstar Mortg. LLC v. Knox*, 351 Fed.Appx. 844, 851–52 (5th Cir. 2009)).
[46] *Id.* (quoting *U.S. Fire Ins. Co. v. Hous. Auth. of New Orleans*, 917 F. Supp. 2d at 590).

"The real concern at the heart of the third *Colorado River* factor is the avoidance of piecemeal litigation."[47] The Supreme Court has stated that "a decision to allow [arbitrability] to be decided in federal rather than state court does not cause piecemeal resolution of the parties' underlying disputes."[48] In addition, the strong federal policy in favor of arbitration outweighs any concern for piecemeal litigation.[49] This factor therefore weighs against abstention.[50]

4. Order of Jurisdiction

As to this factor, the Supreme Court has instructed that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[51] LA Citizens is correct that the state court action was filed before this one and has been in litigation since early 2021.[52] In fact, at the time that Alacrity filed its *Complaint* in this Court, the State Court suit was days from trial, but the trial date has since been continued, and Alacrity's Exception seeking to enforce the arbitration provision is pending hearing in the State Court on May 9, 2023.[53] Nevertheless, the litigation between the parties before this Court, Alacrity and LA Citizens, did not commence in the state court until January 16, 2023, when Alacrity was served with LA Citizens' third-party demand.[54] Alacrity promptly filed this action in February 2023.

The rationale in the *Aptim* case is instructive. There, the court found that, "[a]lthough substantial litigation [had] taken place in the State Court Action, nearly all of that litigation took place without the involvement of Aptim and without any party

---

[47] *Id.* (quoting *Black Sea Inv., Ltd.*, 204 F.3d at 650–51).
[48] *Id.* (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 20).
[49] *Id.* (quoting *Am. Family Life Assur. Co. of Columbus v. Biles,* 714 F.3d 887, 892 (5th Cir. 2013)).
[50] *Id.*
[51] *Moses H. Cone Mem'l Hosp*, 460 U.S. at 21.
[52] Rec. Doc. 17, p. 14.
[53] Rec. Doc. 17, pp. 5-6
[54] Rec. Doc. 9-1, p. 4.

representing Aptim's rights."⁵⁵  Because Aptim had only been recently added to the state court action, the court found that Aptim had "not engaged in substantial litigation of its rights" and determined this factor was "neutral at best."⁵⁶

Based on the same reasoning, the Court finds this factor weighs against abstention.

### 5. Federal Law Governance

"[T]he presence of federal-law issues must always be a major consideration weighing against surrender."⁵⁷  The underlying dispute in the state court case is governed by Louisiana state law.  While Alacrity is correct that the arbitration clause in the Agreement is governed under the FAA, a federal law, it is but one of several issues in the state court action.  The Court finds that this factor weighs slightly in favor of abstention.

### 6. Adequacy of State Proceedings

Finally, the Court must consider the adequacy of the state court proceedings in protecting Alacrity's alleged right to arbitration. The Court turns again to the reasoning and analysis in *Aptim* where that court, relying on Fifth Circuit precedent, found that "the state court is a concurrent forum where motions to compel arbitration may be considered on the merits, pursuant to 9 U.S.C. § 4."⁵⁸  While the court saw "no reason to 'doubt the adequacy of the state court's ability to resolve arbitrability issues[,]'"⁵⁹ the court noted that "'the adequacy of state proceedings never weighs in favor of abstention—it is either a neutral factor or one that weighs against abstention.'"⁶⁰

---

⁵⁵ *Aptim*, 2017 WL 4156630, at *4.
⁵⁶ *Id.*
⁵⁷ *Moses H. Cone Mem'l Hosp*, 460 U.S. at 21.
⁵⁸ *Aptim*, 2017 WL 4156630, at *5 (quoting *Nationstar Mortg. LLC v. Knox*, 351 Fed.Appx. 844, 852 (5th Cir. 2009)).
⁵⁹ *Id.* (quoting *Nationstar*, 351 Fed.Appx. at 852).
⁶⁰ *Id.* (quoting *Saucier v. Aviva Life & Annuity Co.,* 701 F.3d 458, 465 (5th Cir. 2012)).

This Court is mindful that the Louisiana Binding Arbitration Law[61] is very similar or even "virtually identical" to the FAA[62] and that "Louisiana courts have recognized that determinations regarding the viability and scope of arbitration clauses would be the same under either law, and federal jurisprudence interpreting the FAA may be considered in construing the LBAL."[63] As in *Aptim*, this Court does not question the state court's ability to apply the LBAL/FAA. However, based on the clear admonitions from the Fifth Circuit, the Court must find that this factor weighs against abstention.

After weighing the factors considered above, the Court finds that there are no exceptional circumstances in this case that warrant the Court's abstention. Because the *Colorado River* abstention doctrine "represents an extraordinary and narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them[,]"[64] this Court will exercise its jurisdiction.

### D. Arbitration

As discussed above, the Court must now "determine whether the parties agreed to arbitrate the dispute."[65] "This involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."[66] LA Citizens contends that the arbitration clause in the Agreement is invalidated by Louisiana insurance law, that it does not apply

---

[61] LSA–R.S. 9:4201–4217.
[62] *Lafleur v. Law Offices of Anthony G. Buzbee, P.C.*, 2006-0466 (La. App. 1. Cir. 3/23/07); 960 So.2d 105, 111 (citing *International River Center v. Johns–Manville Sales Corp.*, 02–3060 (La.12/3/03), 861 So.2d 139, 143).
[63] *Id.* (citing Aguillard, 908 So.2d at 18; Gunderson v. F.A. Richard & Assoc., Inc., 05–917 (La.App. 3 Cir. 8/23/06), 937 So.2d 916, 920; Dufrene v. HBOS Mfg., LP, 03–2201 (La.App. 4 Cir. 4/7/04), 872 So.2d 1206, 1209–1210; Shroyer v. Foster, 01–385 (La.App. 1 Cir. 3/28/02), 814 So.2d 83, 87).
[64] *Black Sea Inv., Ltd.*, 204 F.3d at 650.
[65] *Banc One Acceptance*, 367 F.3d at 429 (internal citations omitted).
[66] *Webb*, 89 F.3d at 258 (citations omitted).

to third-party demands, and is "unenforceable in this context."[67]

LA Citizens correctly notes that, under Louisiana law, arbitration clauses in insurance contracts are void.[68] Because LA Citizens believes the Agreement between Alacrity and LA Citizens relates to insurance, and because the indemnification clause in the Agreement is "by definition" insurance,[69] LA Citizens argues that the arbitration clause is invalid under Louisiana law.

Alacrity contends LA Citizens is attempting to create ambiguity in an otherwise clear provision, and LA Citizens' position is contradicted by a wealth of jurisprudence supporting the principle that indemnity clauses in contracts can be governed by arbitration provisions.[70] Additionally, Alacrity states:

> [T]he Agreement was based on a form prepared and provided by LA Citizens.[71] In fact, the contract proposed by LA Citizens contained the binding arbitration clause just as it appears in the final Agreement, and Alacrity did not object to or make any edits to this portion.[72] Essentially, LA Citizens insisted the Agreement contain the arbitration provision it now asserts it need not comply with.[73]

Indeed, Louisiana law prohibits arbitration agreements in insurance policies covering property within the state.[74] Under the *McCarran-Ferguson Act*, state laws regulating insurance are shielded from the preemptive effect of federal law.[75] Thus, *McCarran-Ferguson* allows state laws like Louisiana Revised Statute section

---

[67] Rec. Doc. 17, p. 11. LA Citizens also asserts a "hail Mary" argument that the arbitration is void due to "impossibility" because the parties agreed on a specific arbitrator that is now deceased. LA Citizens contends "[t]he arbitration clause is now impossible to fulfill in the manner contemplated by the parties." Rec. Doc. 17, p. 15. LA Citizens cites no legal authority to support this argument, nor does it demonstrate that an appropriate substitution cannot be made.
[68] *See* La R.S. 22:868.
[69] Rec. Doc. 17, p. 12.
[70] Rec. Doc. 30, p. 2.
[71] Rec. Doc. 30, p. 3 (citing Affidavit of Jeff Schmitt, Rec. Doc. 30-1).
[72] *Id.* (citing Affidavit of Jeff Schmitt, Rec. Doc. 30-1).
[73] *Id.*
[74] La. R.S. § 22:868(A)(2).
[75] 15 U.S.C. §§ 1011, 1012.

22:868(A)(2) to "reverse-preempt" the FAA's provisions on the enforceability of insurance agreements.[76] However, LA Citizens provides no authority to support the proposition that the Agreement between Alacrity and LA Citizens is a "contract of insurance."

First, the Agreement is to provide services relating to insurance. It is not an insurance policy covering property within the state. There is no "insured" party to the Agreement. LA Citizens offers no legal authority to support a finding that a contract to provide services relating to insurance is, itself, an insurance contract. Second, LA Citizens likewise offers no legal authority for its argument that an indemnification clause transforms a contract for services into a contract of insurance. Third, LA Citizens offers no legal authority to support its argument that arbitration provisions should not be applied in the context of a third-party demand. These arguments are meritless under Louisiana state and federal jurisprudence.

LA Citizens cites the Louisiana Supreme Court's decision in *Doucet v. Dental Health Plans Management Corp.*[77] in support of its position; however, this decision contradicts LA Citizens' claim. In *Doucet*, the Louisiana Supreme Court held that the dental professional service agreement requiring the dentist to serve insureds under a dental policy was not a "contract of insurance;" thus the arbitration provisions of the service agreement were enforceable.[78] Further, because the dentist did not first submit his claim to arbitration, the Louisiana Supreme Court held that his suit should have been dismissed.[79]

Additionally, there are numerous Louisiana court decisions holding that

---

[76] *See, e.g., Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490 (5th Cir. 2006).
[77] 412 So.2d 1383 (La. 1982).
[78] *Id.* at 1384-85.
[79] *Id.* at 1385.

indemnification disputes are subject to arbitration provisions. The court in *S. Bell Tel. & Tel. Co. v. Louisiana Power & Light Co*. held that an indemnity clause in a contract was governed by the arbitration provisions in the same agreement and enjoined the defendant from further prosecuting its third-party action in state court.[80] Likewise, in *Flores v. A&B Builders, Ltd*., the court granted a motion to stay a third-party demand and compel arbitration for a claim arising out of and indemnification provision and a hold harmless provision.[81] In *Woodmen of the World Life Ins. Co. v. Lewis*, the Fifth Circuit held that counterclaims and third-party demands were disputes subject to arbitration.[82] The Court could go on, but the point is made. There is no support for LA Citizens' arguments that the Agreement for insurance services is a "contract of insurance," thus voiding the arbitration clause therein; that the indemnification clause in the Agreement is an "insurance contract" not subject to arbitration; or that arbitration provisions are unenforceable in the context of a third-party demand.

Further, the language in the arbitration clause - "[a]ny claim, dispute, or controversy with respect to this Agreement" - is not ambiguous. Even if this phrase *was* ambiguous, under Louisiana contract law, such ambiguity is resolved against the drafter.[83] Alacrity has submitted uncontradicted evidence that LA Citizens provided the form containing the arbitration clause and insisted on its inclusion in the Agreement. Accordingly, the Court finds that there is a valid agreement to arbitrate between the parties, and the dispute in question falls within the scope of that arbitration agreement.

---

[80] 221 F. Supp. 364, 369 (E.D. La. 1963).
[81] 2005 WL 1431687, at *1, 3 (E.D. La. May 31, 2005).
[82] 118 F. App'x 826, 831 (5th Cir. 2004).
[83] *See Campbell v. Melton*, 2001-2578 (La. 5/14/02); 817 So.2d 69, 75 (citing La. Civ. Code art. 2056)("Contract interpretation of ambiguous terms requires construction against the contract's drafter.").

### III.    CONCLUSION

For the foregoing reasons, the Court finds that a stay of the state court action *Hahn Roofing, Inc. v. Mercy Manor, LLC*, No. 2021-483 in the 14th Judicial District Court the Parish of Calcasieu, State of Louisiana, is warranted based on principles of judicial economy, the strong judicial policy favoring arbitration, and the policies embodied in the FAA.[84]  Accordingly, the *Motion for Expedited Hearing*[85] and the *Motion to Compel Arbitration and for Injunctive Relief*[86] are GRANTED.  The parties shall file a Notice with the Court, on or before May 19, 2023, advising of an agreed-upon arbitrator, and the claims asserted by LA Citizens against Alacrity shall be arbitrated within 90 days of this *Ruling*, unless good cause is shown by motion to extend the time to arbitrate..

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 4th day of May 2023.

*[signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[84] *See Republic Fin. v. Cauthen*, 343 F. Supp. 2d 529, 538 (N.D. Miss. 2004).
[85] Rec. Doc. 10. Alacrity moved for expedited hearing in this matter because of the looming April 5, 2023 trial date.  In response, the Court instituted abbreviated briefing deadlines; however, this trial date was continued without date, obviating the need for emergency consideration.
[86] Rec. Doc. 9.